**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre Almond Dennison, Plaintiff -vs- Charles L. Ryan, et al., Defendants. | CV-11-2293-PHX-SRB (JFM) **Report & Recommendation** |

Under consideration is Defendant Ulibarri's Motion to Set Aside Default, filed July 3, 2012 (Doc. 64). Because the recommended resolution of the motion against Defendant Ulibarri is dispositive of her defenses, the motion is dispositive. This matter is before the undersigned on referral from the District Judge. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

Both parties are proceeding *pro se*. Accordingly, the Court is obligated to construe the filings of each liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Liberally construed, Defendant seeks to set aside the entry of default against her on June 29, 2012 (Doc. 46) as a result of her failure to timely respond to the Complaint and summons. Defendant's request was originally combined with her Answer (Doc. 49), and was included again in her recently filed, identical Amended Answer (Doc. 64). The motion consists of no more than the caption "Motion to Vacate Default Judgment," and the substance of her response to the allegations of the Complaint.

Plaintiff responds (Doc. 68), arguing that Defendant offers no excuse for repeatedly refusing to accept service, and failing to timely answer.

Defendant Ulibarri has not replied.

**Application of Law to Facts** - Rule 55(c), Federal Rules of Civil Procedure, provides that the "court may set aside an entry of default for good cause." The Ninth Circuit has held that the movant bears the burden of showing good cause, has equated setting aside entry of default to vacating a default judgment, and has identified three disjunctive factors to be considered, any one of which can justify denial of a motion to set aside. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) They include:

> (1) whether [the movant] engaged in culpable conduct that led to the default; (2) whether [the movant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the opposing party].

*Id.* at 926. "Although the burden rests on the moving party, the factors are to be 'liberally interpreted' in favor of setting aside default." *FOC Financial Ltd. Partnership v. National City Commercial Capital Corp.*, 612 F.Supp.2d 1080, 1082 (D.Ariz.,2009). Still, the court is free to deny the motion on the basis of any of the three factors. And, in sum, the decision whether to set aside an entry of default is an exercise in the Court's discretion. *Franchise Holding* at 925-926.

Here, Defendant Ulibarri has offered no good cause to excuse her default, and the undersigned does not find any.

<u>Cuplability</u> - Defendant Ulibarri has engaged in culpable conduct leading to the default. "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable." *Id.* at 926. As noted in the Order directing entry of default "Defendant Ulibarri was properly served on May 15, 2012 and has failed to appear or otherwise defend herself." (Order 6/29/12, Doc. 45 at 1; Summons Returned Executed 5/15/12, Doc. 37.) Ulibarri made no effort to defend this action until the instant motion, some 48 days after service of the Complaint.

However, it is only "intentional" failures to answer which are culpable. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere

2

with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily-although it certainly may be, once the equitable factors are considered-culpable or inexcusable." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001).  Because Defendant Ulibarri has not offered a "credible, good faith explanation" for her failure to respond, the Court is left with the conclusion that her failure to answer was intentional and culpable.

<u>Defense</u> - Ulibarri offers no argument to establish a meritorious defense. Ulibarri's Answer provides little beyond a general denial and allegations that she abides by the policies of the Arizona Department of Corrections and mandates of *Lewis v. Casey*, 518 U.S. 343 (1996).  To establish a meritorious defense for purposes of this motion, Ulibarri needed to have presented "specific facts that would constitute a defense." *Franchise Holding*, 375 F.3d at 926.

<u>Prejudice</u> - As prejudice, Plaintiff points to his repeated efforts at service, and the intervening time delays.  While the undersigned does not desire to see this litigation protracted and thus has limited inclination to extend the case's schedule to permit discovery between Plaintiff and Defendant Ulibarri, Plaintiff points to no real prejudice to preclude setting aside the default.

<u>Conclusion</u> - In the end, the Court's discretion should be swayed by Defendant Ulibarri's failure to affirmatively argue any good cause, her culpability in the delay, and her failure to affirmatively argue a meritorious defense.  Although Defendant Ulibarri may have now attempted to appear and answer, she has made no real effort to defend.

**IT IS THEREFORE RECOMMENDED** that Defendant Ulibarri's Motion to Set Aside Default, filed July 3, 2012 (Doc. 64) be **DENIED**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: August 7, 2012

11-2293-049r RR 12 08 07 on Motion to Set Aside Default.docx

James F. Metcalf
United States Magistrate Judge